Stephen S. Edwards
16030 S 36th St,
Phoenix, AZ 85048
(602) 757-2110
Plaintiff In Pro Se

FILED ___ LODGED
___ RECEIVED ___ COPY

DEC 2 9 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STEPHEN S. EDWARDS, An Individual;<br><br>PLAINTIFF,<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC; EQUIFAX INFORMATION SERVICES LLC** and Does 1 through 20, inclusive<br><br>DEFENDANTS. | CV-15-02640-PHX-JJT<br>Case No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>1. DEFAMATORY (SLANDER)<br>2. DEFAMATORY (LIBEL)<br>3. VIOLATION OF THE FAIR CREDIT REPORTING ACT<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>6. PUBLIC DISCLOSURE OF PRIVATE FACTS |

Plaintiff Stephen S. Edwards, sues Defendants, Experian Information Solutions, Inc., and Equifax Information Services LLC., and alleges the following:

## JURISDICTION AND VENUE

1. This court has jurisdiction under 28 U.S.C. §1332 because there is diversity of citizenship and an amount in controversy greater than $75,000.

2. Plaintiff is an individual and at all times mentioned in this complaint, a resident of Maricopa County, Arizona.

3. Defendants Equifax Information Services LLC, is located in the state of Georgia; Defendant Experian is located Costa Mesa, California.

4. The true names of defendants DOES 1 through 20, inclusive, are unknown to plaintiff at this time. Plaintiff sues those defendants by such fictitious names.

5. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this complaint, and unlawfully caused the injuries and damages to plaintiff alleged in this complaint.

6. Plaintiff is informed and believes, and based on that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants and in doing the things alleged in this complaint were acting within the course and scope of such agency and employment.

7. Venue is proper in this Court because the bulk of the damages

occurred in Maricopa County..

## BACKGROUND

8. This is a civil action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681et.seq. The Court has jurisdiction pursuant to 15 U.S.C. § 1681.

9. Plaintiff Steve S. Edwards ("plaintiff') is a natural person residing in the State of Arizona as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC, ("Equifax" or "Defendant") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(t).

11. Defendant Experian Information Services, LLC, ("Experian" or "Defendant") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(t).

## I
## DEFAMATORY SLANDER

12. Plaintiff re-alleges and incorporates paragraphs 1 through 11 of this Complaint as if set forth in full herein.

13. On or about February 2015, Defendants reported publicly numerous false and defamatory statements concerning Plaintiff, that Defendants knew or

should have known were false.

14. The slanderous statements were unprivileged and were made public to a third party. The third party is a public record, which contains Plaintiff's private information including his social security number, driver's license number, home address, physical description and alleged charge.

15. Defendants' statements were intentional and malicious. In the alternative, they were negligent.

16. The above statements are defamatory and/or are susceptible of a defamatory meaning in that they subject Plaintiff to hatred, distrust, ridicule, contempt, ridicule, obloquy, and disgrace.

17. The above statements and their meanings are false and Defendants, at the time of making the statements, knew they were false or had serious doubts as to their truth.

18. The above statements are assertions of fact, not opinions.

19. The harassing charges are based upon false allegation, blatant disregard for the fact and without merit.

20. As a direct and proximate result of the above slanderous statements, Plaintiff has sustained direct or indirect pecuniary loss including, but not limited to, lost earnings, lost working time, loss of fees, business, reputation, personal growth, and loss of ability to earn money.

21. Plaintiff has sustained shame, mental anguish, personal humiliation, hurt feelings, mental suffering, and injury to reputation and health, in the past and in the future. All of the above damages are continuing and permanent in nature.

22. Additionally, because of the slanderous statements, Plaintiff has been damaged. The slanderous statements were a direct attack on Plaintiff's professional character and standing. Additionally, the slanderous statements contain allegations that Plaintiff has committed a crime of moral turpitude.

23. Plaintiff is entitled to punitive damages in this case as the above slanderous statements were made maliciously, willfully, wantonly, and with a reckless disregard for the rights of Plaintiff. The primary purpose in making the above statements was to indulge ill will, hostility and to harm the Plaintiff. The statements were designed to destroy the reputation of Plaintiff for Defendants' pecuniary gain at the unjust expense of Plaintiff.

24. Additionally, Plaintiff is entitled to injunctive relief to prevent Defendants from continuing to defame Plaintiff.

25. Plaintiff sues the Defendants for injunctive relief to prevent and stop Defendants from continuing to slander and defame Plaintiff, compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court, plus costs, interest and all other damages which Plaintiff may be entitled to, and demand trial by jury.

## II
## DEFAMATORY LIBEL

26. Plaintiff realleges and incorporates paragraphs 1 through 31 of this Complaint as if set forth in full herein.

27. On or about February 2015 Defendants made numerous false and defamatory libelous written statements concerning Plaintiff in written form.

28. The libelous statements were unprivileged and were made public to a third party.

29. Defendants' statements were intentional and malicious. In the alternative, they were negligent.

30. The above statements are defamatory and/or are susceptible of a defamatory meaning in that they subject Plaintiff to hatred, distrust, ridicule, contempt, ridicule, obloquy, and disgrace.

31. The above statements and their meanings are false and Defendants, at the time of making the statements, knew they were false or had serious doubts as to their truth.

32. The above statements are assertions of fact, not opinions.

33. The harassing charges are based upon false allegation, blatant disregard for the fact and without merit.

Defendants from continuing to slander and defame Plaintiff, compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court, plus costs, interest and all other damages which Plaintiff may be entitled to in the amount of $100,000.00, and demand trial by jury.

## III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

40. The allegations of paragraphs 1 through 39 of this Complaint are realleged and incorporated by reference.

41. Both Defendants published publicly information they knew or should have known that was in error that caused Plaintiff to lose business opportunities.

42. Both Defendants failed to review all relevant information provided to them pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

43. Both Defendants failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received.

44. Both Defendants failed to report the results of its investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-

2(b)(1)(D).

## IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.  The allegations of paragraphs 1 through 44 of this Complaint are realleged and incorporated by reference.

46.  Both Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate the Plaintiff accept the false allegations.

47.  Both Defendants and each of them conspired to systematically deny Plaintiff of his right to dispute the legitimacy and validity of such allegations.

48.  Both Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

## V
## PUBLIC DISCLOSURE OF PRIVATE FACTS

49.  The allegations of paragraphs 1 through 48of this Complaint are re-alleged and incorporated by reference.

50.  Defendants are liable for the public disclosure of private facts about

the Plaintiff, which is highly offensive to a reasonable person.

51. The gravamen of Public Disclosure of Private Facts is the unwarranted publication of intimate details of Plaintiff's private life.

52. In this instance, both Defendants publicized intimate and private information relating to Plaintiff when it permitted its employees to disclose lies and false accusations and allegations about Plaintiff and his character.

## XI

## DEMAND FOR JURY TRIAL

53. Plaintiff demands a jury trial on all claims. Wherefore plaintiff Stephen S. Edwards prays for a judgment as follows:

A. Actual damages in an amount to be determined by the jury;
B. Punitive damages in an amount to be determined by the jury;
C. Statutory damages as determined by the court;
D. Attorney fees and costs, and
E. On All Claims for Relief, costs and expenses incurred in this action.

_____
Stephen S. Edwards
16030 S 36th St,
Phoenix, AZ 85048
(602) 757-2110
Plaintiff In Pro Se