**WO**                                    NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S. Edwards, | No. CV-15-02640-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Experian Information Solutions Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendants' Notice of Plaintiff's Non-Compliance with Court Order (Doc. 79), in which Defendants demonstrate that Plaintiff did not respond to Defendants' interrogatories as required by Federal Rule of Civil Procedure 33(b) and provided non-responsive answers to Defendants' requests for production under Federal Rule of Civil Procedure 34.

At the Federal Rule of Civil Procedure 16 Scheduling Conference, held on March 21, 2016 (Doc. 13), the Court set a fact discovery deadline of October 7, 2016 (Doc. 14) and explained in detail Plaintiff's duty to comply with all Court deadlines and Orders, even though he appears *pro se* in this matter. The Court warned the parties that failure to comply with the case management schedule or the Court's Orders would result in sanctions, up to and including dismissal of this action.

After the close of fact discovery, on November 14, 2016, Defendants filed a Report of Discovery Dispute (Doc. 59), in which they informed the Court that Plaintiff twice failed to appear for his deposition, noticed for October 3, 2016 in Phoenix, Arizona

and then October 26, 2016 in Dallas, Texas to accommodate Plaintiff's travel schedule. (Doc. 59.) Defendants also reported that Plaintiff had failed to respond to their discovery requests throughout September and October. (Doc. 59.) The Court held a hearing on November 18, 2016 (Doc. 61), at which time the Court extended the fact discovery deadline to December 31, 2016, for the sole purpose of allowing Plaintiff additional time to respond to Defendants' interrogatories and requests for production and to attend his deposition, because he was delinquent in doing so before the original fact discovery deadline. The Court warned Plaintiff that failure to immediately provide responses to all pending discovery requests or appear for his deposition would result in sanctions.

Defendants filed a Joint Report on November 22, 2016, in which they informed the Court that Plaintiff had still not responded to Defendants' discovery requests. (Doc. 67.) The Court ordered Plaintiff to respond to Defendants' Report by December 2, 2016. (Doc. 72.) In his Response, Plaintiff did not provide good cause—or any cause—for failing to provide discovery responses, instead repeatedly and conclusorily stating he had acted "in good faith" in responding to Defendants' discovery requests. (Doc. 74.) In an Order dated December 5, 2016, the Court gave Plaintiff one last opportunity to respond to Defendants' discovery requests, this time by December 9, 2016, and warned Plaintiff that failure to comply would result in sanctions, up to and including dismissal of this action. (Doc. 75.)

While Plaintiff finally appeared for his deposition on December 12, 2016, more than two months after the original close of fact discovery, he did not produce responsive documents to Defendants' requests for production or serve any responses to Defendants' interrogatories, instead stating that his objections to Defendants' requests for production somehow also acted as answers to Defendants' interrogatories. (Doc. 79.) Plaintiff thus effectively failed to respond to Defendants' requests for production and Defendants' interrogatories.

As the Court has repeatedly warned Plaintiff, the Court may dismiss this action for a failure to comply with the Court's Orders under Federal Rule of Civil Procedure 41(b).

*See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that the district court may dismiss an action for failure to comply with any order of the court), *cert. denied*, 506 U.S. 915 (1992). "The duty rests upon the plaintiff at every stage of the proceeding to use diligence and to expedite his case to a final determination." *Hicks v. Bekins Moving & Storage Co.*, 115 F.2d 406, 409 (9th Cir. 1940) (internal quotation omitted); *see also Fid. Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). "It is within the inherent power of the court to *sua sponte* dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The Ninth Circuit Court of Appeals "may affirm a dismissal where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal.'" *Yourish v. Calif. Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998)). Furthermore, a plaintiff's *pro se* status does not provide an excuse for him to fail to comply with Scheduling Order deadlines and Court rules. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (noting that *pro se* litigants are not excused from following court rules); *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (same).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff has caused unreasonable delay and prejudice to Defendants by (1) failing to timely sit for his

deposition, having failed to appear on two noticed deposition dates and ultimately appearing on the third, more than two months after the original close of fact discovery, and (2) failing to respond to Defendants' requests for production and interrogatories— even after repeated warnings from the Court to do so—which indeed largely defeated Defendants' ability to effectively take Plaintiff's deposition. *See Ash*, 739 F.2d at 496. The fourth factor, as always, weighs against dismissal.

The fifth factor requires the Court to consider whether a less drastic alternative than dismissal is available, although the Court need not exhaust every sanction short of dismissal before finally dismissing a case. *See Henderson*, 779 F.2d at 1424. In this instance, Plaintiff never sought an extension to the original fact discovery deadline, even though he did not timely appear at his deposition and did not respond to Defendants' discovery requests. After Defendants brought Plaintiff's delinquencies to the Court's attention, Plaintiff provided no good cause for his delinquencies. And even after repeated warnings from the Court, Plaintiff never provided meaningful responses to Defendants' requests for production or any responses to Defendants' interrogatories.

The Court has already expended significant judicial resources to address Plaintiff's unjustified delays, and the Court finds that a lesser sanction, such as a monetary penalty, would serve no purpose. Because the Court warned Plaintiff of the consequences of attempting further delays, and because no end to Plaintiff's delays is in sight, the Court finds that dismissal of this case for want of prosecution is entirely appropriate. *See Ash*, 739 F.2d at 496-97.

IT IS THEREFORE ORDERED dismissing all of Plaintiff's claims against Defendants in this matter.

IT IS FURTHER ORDERED denying all pending motions as moot.

\
\
\
\

IT IS FURTHER ORDERED directing the Clerk of Court to close this case.

Dated this 4th day of January, 2017.

Honorable John J. Tuchi
United States District Judge